

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CCC:JMH
F. #2016R01716

*610 Federal Plaza*
*Central Islip, New York 11722*

July 22, 2020

<u>By Hand and ECF</u>

The Honorable Sandra J. Feuerstein
Senior United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Frank Sappell
     <u>Criminal Docket No. 16-606 (SJF)</u>

Dear Judge Feuerstein:

  The government respectfully submits this letter in connection with the above-captioned defendant's motion for compassionate release. <u>See</u> ECF No. 90 ("the Motion"). The Motion is scheduled to be argued before Your Honor on July 28, 2020.

I.  <u>Current Infection Rate at FCI Fort Dix</u>

  The government herein respectfully requests permission to supplement the record as to the current infection rate of COVID-19 at the defendant's facility, FCI Fort Dix. In the defendant's most recent filing in support of the Motion, the defendant attaches a declaration from a BOP medical professional filed in a separate litigation that stated that, as of May 18, 2020, 259 COVID-19 tests had been administered at Fort Dix, with 58 of those resulting in positive diagnoses of COVID-19. <u>See</u> ECF No. 97, Ex. 1, at ¶ 27.

  The defendant fails to address the other portions of the declaration, which in sum and substance attest to the protocols BOP has implemented at Fort Dix to minimize the risk of COVID-19 transmission.

  The defendant also fails to notify the Court that in the underlying litigation—which sought temporary release on behalf of a purported class of hundreds Fort Dix inmates on account of COVID-19—the presiding United States District Judge rejected the gravamen of the complaint: "[W]hile the[] best efforts [of BOP and Fort Dix officials] have not spared all inmates from contracting COVID-19, <u>their efforts have been particularly successful</u> at FCI Fort Dix. To date, only one inmate has been hospitalized due to COVID-19. All have

recovered. <u>This demonstrates that there are clearly measures in place at FCI Fort Dix that can mitigate effectively the spread of COVID-19</u>." Wragg v. Ortiz, No. 20-CV-5496 (RMB), ECF No. 40, slip op. at 3, ___ F. Supp. 3d ___, 2020 WL 2745247, *1 (D.N.J. May 27, 2020) (emphases added) (noting that the parties disputed the hospitalization figure; denying plaintiffs' request for preliminary injunctive relief and dismissing the Complaint).

As of this writing, according to the BOP's website, Fort Dix has five active COVID-19 infections among inmates, and zero among staff. It continues to be the case that no inmates or staff at Fort Dix have died from COVID-19.

The government has also communicated directly with BOP staff at Fort Dix and understands that—as of July 22, 2020, at noon—Fort Dix has three current COVID-19 cases. One case relates to an inmate who recently voluntarily surrendered to the institution. He was quarantined upon his arrival per BOP protocols and tested prior to his release to general population. He tested positive at that time and was immediately placed in isolation. He has never been in contact with other Fort Dix inmates. The other two positive current cases have been in isolation since their diagnoses, consistent with BOP protocols. Moreover, the government understands that these inmates already had extremely limited exposure to other inmates at Fort Dix for other reasons (housing in the special housing unit ("SHU") for one; pre-transfer separation and single-cell housing for the other). This information suggests that the BOP protocols in place to minimize the risk of COVID-19 transmission have had their intended effect.

II.    <u>Victim Impact Statements Received in Response to the Motion</u>

The government encloses herein victim impact statements received in response to the Motion. <u>See</u> Exs. 1-3.[1] Each of these victims has previously submitted restitution requests and their earlier victim impact statements were submitted to the Court in connection with those requests at the time of sentencing. <u>See</u> ECF Nos. 69, 80 (government's restitution requests filed at time of sentencing); ECF Nos. 78, 82 (orders granting restitution). It is also the government's understanding that one or more of the attorneys representing these victims intend to attend the upcoming hearing via telephone.

The government respectfully requests permission to file the victim impact statements under seal, and notes that the earlier submissions on behalf of these victims were filed under seal. The government is sensitive to the need to minimize the amount of information filed under seal in a criminal case. <u>See</u>, <u>e.g.</u>, <u>United States v. Aref</u>, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be narrowly tailored). Sealing of the impact statements themselves is necessary and appropriate because these submissions

---

[1] <u>See</u> 18 U.S.C. § 3771 (providing in relevant part that crime victims have the right to "be reasonably heard at any public proceeding" involving "release, plea, sentencing, or any parole proceeding").

2

contain sensitive information relating to multiple victims of child pornography offenses; these third-party privacy interests may be considered by this Court as a compelling justification to seal these letters.  See United States v. Amodeo, 71 F.3d 1044, 1050-52 (2d Cir. 1995).

       This request is narrowly tailored and no broader than necessary because the government seeks only to seal the victim impact statements themselves, not this letter.  While the individual victim names are anonymized in the submissions themselves, publication of the names of the various child pornography series involved in the defendant's offense conduct may lead to further victimization via additional trade in those materials.  As these facts provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests that the Court record those findings and accept submission of these victim impact statements under seal.

       The government thanks the Court for its consideration of this submission.

       Respectfully submitted,

       SETH D. DUCHARME
       Acting United States Attorney

By:   /s/ J. Matthew Haggans
       J. Matthew Haggans
       Assistant U.S. Attorney
       (718) 254-6127

Enclosures (3) (Filed Under Seal)
cc:    Clerk of Court (SJF) (By ECF)
       Scott Fenstermaker, Esq. (By ECF and Email)
       USPO Lisa Langone (By Email)